UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| STUART A. BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:13-cv-57-GZS |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant | ) | |

REPORT AND RECOMMENDED DECISION[2]

This Supplemental Security Income ("SSI") appeal raises two issues: whether the administrative law judge gave appropriate weight to the opinions of the plaintiff's treating physician and the medical expert invited to testify at the hearing on the plaintiff's application for benefits and whether the hypothetical question posed to the vocational expert at the hearing was legally sufficient. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from degenerative disc disease of the lumbar spine, an impairment that was severe but which did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), as amended January 1, 2013, which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on December 11, 2013, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

Subpart P (the "Listings"), Findings 2-3, Record at 20-22; that he retained the residual functional capacity ("RFC") to perform light work, and to balance, stop, kneel, crouch, crawl, and climb ramps and stairs occasionally, but should not climb ladders, ropes, or scaffolds, and should avoid hazards and hard uneven surfaces, Finding 4, *id*, at 23; that he was unable to perform any past relevant work, Finding 5, *id* at 27; that, given his age (49 on the alleged date of onset of disability, February 17, 2010), general equivalency diploma, RFC, and work experience, and using the Medical-Vocational Rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision-making, there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 6-9, *id*.; and that, therefore, the plaintiff had not been under a disability, as that term is defined in the Social Security Act, at any time through the date of the decision, January 13, 2012, Finding 10, *id*. at 28. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137,

146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Treating Source Opinion

The plaintiff contends that the administrative law judge wrongly rejected the conclusions of a treating physician, Dr. Thomas Meek – which he characterizes as "buttressed" by the testimony of the medical expert at hearing, Dr. Peter B. Webber – in favor of the conclusions of Dr. Lawrence P. Johnson, a state-agency reviewing physician. Itemized Statement of Specific Errors ("Itemized Statement") (ECF No. 13) at 1-6. The commissioner responds that Dr. Webber's testimony was equivocal and that the administrative law judge provided sufficient reasons to support his rejection of Dr. Meek's conclusions. Defendant's Opposition to Plaintiff's Itemized Statement of Specific Errors ("Opposition") (ECF No. 15) at 2-8.

The plaintiff complains that Dr. Johnson "lacked not only the testimony of Plaintiff and the M(edical) E(xpert) . . . but also Nos. 7F-9F, R 1243-1269, of treatment that both preceded and followed his records[-]only review." Itemized Statement at 2. But, if the fact that a claimant and/or a medical expert testified at a hearing, a fact that would only arise after a state-agency reviewer had completed his or her written evaluation, would invalidate that evaluation, the evaluation would be an empty exercise. *See Parkes v. Astrue*, No. 1:11-cv-99-NT, 2012 WL 113307, at *2 (D. Me. Jan. 11, 2012) (rejecting this argument). Exhibit 8F is a form entitled "Physical Residual Functional Capacity Assessment" filled out by Dr. Meek, which I will discuss *infra*. The plaintiff does not explain how the treatment records that are Exhibits 7F and

3

9F, found at pages 1243-50 and 1259-69 would necessarily result in a different RFC, let alone a different conclusion by Dr. Johnson, and no such difference is readily apparent.

> Again, if a claimant could submit treatment records after the state agency reviewers had completed their reports, and thereby compel the commissioner to reject those opinions, the role of those medical reviewers would be severely undercut. This court requires a claimant relying on later-submitted records to make a showing that those records would have necessitated a change in the outcome of his or her application for benefits. *Black v. Astrue*, No. 1:10-cv-175-JAW, 2011 WL 1226027, at *3 (D. Me. Mar. 29, 2011).

*Parkes*, 2012 WL 113307 at *2.

The plaintiff has made no such showing, making it unnecessary to reach the commissioner's argument that the medical records at issue were merely "cumulative, and did not meaningfully change the character of the record that was before Dr. Johnson." Opposition at 11.

In Exhibit 8F, Dr. Meek did check off exertional limitations that would limit the plaintiff to sedentary work, rather than the light exertional capacity determined by the administrative law judge, Record at 1250, but stated as the "specific facts upon which [his] conclusions [were] based" only that "P[atien]t has chronic back/leg pain which is post surgical, refractory to treatment." *Id*. When asked by the form to "explain how and why the evidence supports your conclusions" that the plaintiff should never climb, stoop, kneel, crouch, or crawl, and only occasionally balance, Dr. Meek says merely that "P[atien]t complains of persistent pain with all above activities." *Id*. at 1251. No other limitations are checked on the form, which bears no further remarks from Dr. Meek.

After recounting the limitations ascribed to the plaintiff by Dr. Meek in Exhibit 8F, the administrative law judge continued as follows:

> Although Dr. Meek is the claimant's treating osteopathic physician, the degree of limitations cited is not supported in his contemporaneous treatment records, and appears to be based in large part on the claimant's

4

> subjective allegations of pain. Therefore, this opinion has been given only limited weight.
>
> Little weight has been given to Dr. Meek's January 14, 2008, statement that the claimant is unable to work (Exhibit 7F) and to Dr. Meek's February 25, 2010, statement that the claimant should avoid work related activity (Exhibit 8F); as well as to the July 27, 2007, and January 11, 2008 (Exhibit 7F), March 4, 2010 (Exhibits 3F, 5F, and 8F), and September 20, 2010 (Exhibit 5F) statements by treating physician Sarah Skelton, M.D., that the claimant is unable to work due to chronic low back pain, as they failed to quantify any specific functional limitations, and the determination of whether an individual is disabled and therefore unable to work is an issue reserved to the Commissioner.

Record at 26.

The plaintiff makes no attempt to identify support for the degree of limitations assigned by Dr. Meek in Dr. Meek's treatment records, and, therefore, the administrative law judge's rejection of those limitations on that basis is unchallenged. The commissioner lists many instances of treatment notes that are inconsistent with Dr. Meek's conclusions. Opposition at 4. I also agree with the administrative law judge that the limitations identified by Dr. Meek in Exhibit 8F appear on their face to be based primarily on the plaintiff's subjective allegations of pain. These are well-recognized bases in Social Security law for rejection of a treating physician's conclusions.[3] *See, e.g.,* 20 C.F.R. § 416.929(a); *Huston v. Colvin*, No. 2:12-cv-00282-JAW, 2013 WL 3816615, at * 8 (D. Me. July 19, 2013).

Because I conclude that the administrative law judge gave sufficient and supportable reasons for rejecting Dr. Meek's conclusions with respect to the plaintiff's physical limitations, it is not necessary to reach his argument that Dr. Webber's testimony "aligned with" Dr. Meek's conclusions and, therefore, the administrative law judge was required to adopt those limitations.

---

[3] I am unable to discern whether the plaintiff means to argue that Dr. Meek's opinion should have been given controlling weight. Itemized Statement at 2, 5. If that is part of his argument, the assertion is incorrect. A treating physician's opinion is entitled to controlling weight only when it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(d)(2). Here, Dr. Meek's opinion is clearly inconsistent with that of Dr. Johnson.

Itemized Statement at 4. However, I do note that Dr. Webber qualified his testimony several times. He testified that the plaintiff

> A. . . .may have a reason to have ongoing symptoms, either because of persisting small [disc] and/or because of scar tissue, which may or may not post-operatively cause symptoms. That to me seems to be the major issue here.
> Q. And is it fair to say then the degree of pain is subjective?
> A. It is.
>
> * * *
>
> Q. And do you have an opinion as to what would be an appropriate level of functional capacity for this individual?
> A. Well he would certainly not be at the higher levels of activity. I think based in part on what he indicates today that it would be difficult for him to do light work. I suspect that sedentary, it'd be more appropriate but, again, it's very hard to be accurate in those kinds of things.

Record at 67-68.

Contrary to the plaintiff's assertion that "Dr. Webber's testimony was primarily based on his review of MRIs, the clinical and laboratory diagnostic O[bjective] M[edical] E[vidence] cited by SSR 96-2p," Itemized Statement at 5, the foregoing excerpt of his testimony shows that Dr. Webber's tentative assignment of a sedentary exertional limitation to the plaintiff was based, in part, on the plaintiff's testimony at the hearing. The administrative law judge is tasked to evaluate the credibility of a claimant's testimony at hearing.

> When it comes to judging the credibility of a claimant's subjective report of pain, an administrative law judge's discretion is considerable. Issues of credibility and the drawing of permissible inferences from evidentiary facts are the prime responsibility of the Commissioner. The administrative law judge is assigned the task of making the credibility determination, 20 C.F.R. §§ 404.1529(a), (c)(1), (c)(4), 416.929(a), (c)(1), (c)(4), and in doing so he or she has leeway to consider what the entire case record reveals and what reasonable inferences it supports.

*Swicker v. Social Sec. Admin. Comm'r*, No. 1:10-cv-00065-JAW, 2010 WL 5395059, at * 3 (citations and internal quotation marks omitted).

The plaintiff next argues that, "if the ALJ wanted to discount both treating and M[edical] E[valuator] opinion, then SSR 96-5p applies, requiring re-contacting the treating sources." Itemized Statement at 5. He does not expand upon this conclusory assertion, nor does he cite any particular passage from the Ruling, but, in any event, he is mistaken. That Ruling requires an administrative law judge to contact a treating physician only if he or she "cannot ascertain the basis of the opinion from the case record." Social Security Ruling 96-5p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2013), at 127. The administrative law judge in this case ascertained the basis of Dr. Meek's opinion from the record. *See White v. Barnhart*, 287 F.3d 903, 908-09 (10th Cir. 2002) (rejection of treating physician's opinion does not trigger duty to recontact; administrative law judge must find information received from treating physician to be inadequate for consideration); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (disagreement with treating source's conclusion not equivalent of finding that evidence from that source was inadequate).

The plaintiff is not entitled to remand on the basis of the administrative law judge's treatment of the opinions of Dr. Meek and Dr. Webber.

### B. Hypothetical Question

Lastly, the plaintiff asserts that the administrative law judge "fail[ed] to include consideration of appropriate non-severe limitations" in his hypothetical question to the vocational expert. Itemized Statement at 6. This is so, he says, because the administrative law judge uses the plaintiff's history of substance abuse "to attack credibility," and that means that he was required to include the substance abuse and the plaintiff's anxiety as non-exertional limitations in any hypothetical question posed to the vocational expert. *Id*. at 7. He cites no authority for this novel view of the effect of an administrative law judge's evaluation of a

7

claimant's credibility. In any event, the argument is based upon a misunderstanding of the credibility evaluation that was conducted in this case.

At no time did the administrative law judge find that any substance abuse occurred after the date chosen by the plaintiff as the one to be used for onset of his alleged disability. Any unspecified non-exertional limitation caused by substance abuse would only be relevant to the vocational expert's testimony if it was occurring at and/or after the alleged date of onset. The administrative law judge is not precluded from considering a claimant's behavior before the alleged date of onset, or, more accurately for this case, the claimant's current testimony about his pre-onset behavior, in evaluating the claimant's credibility. *See, e.g., Douglas v. Astrue*. No. 03-11-cv-00770-HU, 2012 WL 4485679, at *22 (D. Or. Aug. 28, 2012) (records predating onset date useful in evaluating claimant's credibility); *Vanick v. Astrue*, No. 5:11cv184/RH/EMT, 2012 WL 3668043, at *8 (N.D. Fla. July 23, 2012) (same).

The plaintiff presents no argument in support of his assertion that his "history of . . . anxiety" imposes additional, nonspecific non-exertional limitations that should have been included in the hypothetical question to the vocational expert. Such a skeletal presentation means that the court will consider the argument waived. *See, e.g., United States v. Gracie*, No. 1:11-cv-00158-JAW, 2011 WL 6945710, at *2 n.1 (D. Me. Dec. 30, 2011) (bare bones arguments deemed waived); *Babb v. Astrue,* No. 2:10-cv-49-DBH, 2010 WL 5465839, at * 4 n.5 (D. Me. Dec. 29, 2010).

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED.**

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 30th day of December, 2013.

                                                   /s/ John H. Rich III
                                                   John H. Rich III
                                                   United States Magistrate Judge